## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as an assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement office, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>       Plaintiffs,<br><br>v.<br><br>QUANTARIUM ALLIANCE, LLC, AND QUANTARIUM GROUP, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals and* ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>Defendants. | Civil Action No. 24-cv-04098<br><br>**NOTICE OF REMOVAL OF ALL DEFENDANTS**<br><br>Removed from the Superior Court of New Jersey, Bergen County, Law Division |

TO: United States District Court - District of New Jersey
   Martin Luther King Building & U.S. Courthouse
   50 Walnut Street
   Newark, New Jersey 07101

With Notice to:

   Clerk of the Superior Court of New Jersey
   Bergen Vicinage
   Bergen County Courthouse
   10 Main Street
   Hackensack, New Jersey 07601

   Rajiv D. Parikh, Esq.
   Kathleen Barnett Einhorn, Esq.
   Genova Burns LLC
   494 Broad Street
   Newark, NJ 07102
   *Attorneys for Plaintiffs*

   **PLEASE TAKE NOTICE THAT** that Defendants Quantarium Alliance, LLC and

Quantarium Group, LLC ("Defendants"), by its attorneys, Spiro Harrison & Nelson, and

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal with respect to the case identified as *Atlas Data Privacy Corporation, et. al. v. Quantarium Group, LLC et. al.*, Docket No. BER-L-878-24 (the "State Court Action"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 with full reservation of any and all defenses and objections.

## TIMELINESS OF REMOVAL

1. On February 8, 2024, Plaintiffs Atlas Data Privacy Corporation, as the assignee of individuals who are "Covered Persons" under Daniel's Law, P.L. 2023, c. 113, N.J.S.A. 56:8-1166.1 ("Daniel's Law"), Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev and Williams Sullivan filed a Complaint with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County. True and correct copies of the Summons, Complaint, and initiating service documents are annexed hereto as **Exhibit A**.

2. Defendants have filed no pleadings in the State Court Action.

3. Defendants were served with the Summons and Complaint on or about February 22, 2024. A true and correct copy of the Affidavit of Service filed by Plaintiffs is attached hereto as **Exhibit B.**

4. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice is filed within thirty (30) days after service of the Summons and Complaint on Defendants.

5. Written notice of the filing of this Notice of Removal will be served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

6. A copy of this Notice of Removal is being served upon counsel for Plaintiffs and is being filed contemporaneously with the Clerk of the Superior Court of New Jersey, Bergen County, as required by 28 U.S.C. 1446(d).

7. Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court of New

Jersey, Bergen County is located within the district of the United States District Court for the District of New Jersey.

8.  As is set forth in detail below, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the true parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**DIVERSITY OF CITIZENSHIP**

9.  Plaintiff Atlas Data Privacy Corporation alleges that it is a Delaware Corporation with offices at 201 Montgomery Street, Suite 263, Jersey City, NJ 07302 (Compl. ¶ 25).[1] "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Rose v. Mattress Firm, Inc.*, No. 21-1560, 2021 WL 4520647, at *1 (3d Cir. Oct. 4, 2021) (quoting *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015)). Thus, Atlas Data Privacy Corporation has alleged it is a citizen of the States of Delaware and New Jersey. Defendants note these allegations for purposes of federal jurisdiction, but do not concede the truth of any allegations in the Complaint.

10. Upon information and belief, Plaintiffs Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan allege they are residents of New Jersey. (Compl. ¶¶ 17-24). According to the Complaint, each of the individual plaintiffs was employed as a law enforcement officer in New Jersey. (See *id.*); *see also Juvelis v. Snider*, 68. F.3d 648, 654 (3d Cir. 1995) (persuasive evidence of one's residence includes "place of employment . . . and civic life in a jurisdiction").[2]

11. Defendant Quantarium Group, LLC is, and at the time of the commencement of this action was, a limited liability company formed under the laws of the State of Delaware, with

---

[1] In making this removal, Defendants do not concede the allegations in the Complaint.
[2] In view of Daniel's Law, the Complaint does not state where these individual plaintiffs reside.

its corporate headquarters and principal place of business in the State of Washington. The citizenship of a limited liability company is determined by the citizenship of each of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 430 (3d Cir. 2010).

12.     Quantarium Group, LLC has five members, (i) four individuals residing in the State of Washington and, (ii) defendant Quantarium Alliance, LLC.

13.     Quantarium Alliance, LLC has 23 members, (i) 17 individuals residing in the State of Washington, (ii) two individuals residing in the State of Florida, (iii) one individual residing in the State of Texas, and (iv) one individual residing in the State of California, (v) one individual residing in the State of Massachusetts and, (vi) one individual residing in the State of Oklahoma. Thus, Quantarium Group, LLC and Quantarium Alliance, LLC are considered citizens of the States of Washington, Florida, Texas, California, Massachusetts, and Oklahoma.

14.     Accordingly, this action is one in which none of the parties in interest, properly joined and served as a defendant, is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b).

## AMOUNT IN CONTROVERSY

15.     While Defendants deny any liability as to Plaintiffs' claims, Defendants believe in good faith that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

16.     Here, Plaintiff Atlas Data Privacy Corporation, asserts claims against Defendants "as the assignee of individuals who are Covered Persons under Daniel's Law[,]" along with various law enforcement officers. (Compl. pgs. 1-2). Plaintiffs allege that the Covered Persons amount to "**approximately 17,133 individuals** . . . including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors. (Compl. ¶ 26)

(emphasis added). Plaintiffs further allege that Defendant violated Daniel's Law by "disclosing or re-disclosing on the Internet or otherwise making available their protected information on one or more of Defendant's websites or through other methods of disclosure." (Compl. ¶ 28).

17. Plaintiffs seek to recover actual damages, not less than liquidated damages as allowed under Daniel's Law, at "$1,000 for each violation." *See* Compl., Wherefore Clause ¶ B; Daniel's Law § c(1) ("The Court shall award . . . actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act."). The Complaint does not specify nor attempt to quantify the exact number of alleged violations. But considering Plaintiffs' allegations that Defendant "engage[s] in the disclosure of data and information through one or more websites or applications" the cumulative exposure at $1,000 per each alleged violation of the act, for approximately 17,133 individuals across multiple platforms, by itself, likely exceeds the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a).

18. Further, Plaintiffs seek to recover attorneys' fees as allowed under Daniel's Law. *See* Compl., Wherefore Clause ¶ D; Daniel's Law § c(3) ("The Court shall award . . . reasonable attorney's fees."). "With regard to the amount-in-controversy, an award of attorneys' fees also must be included as part of that determination where such an award is provided for by statute." *Thompson v. Travelers Indemnity Co.*, No. 23-cv-02630, 2024 WL 340933, at *2 (D.N.J. Jan. 30, 2024); Wright & Miller, 14AA Fed. Prac. & Proc. Juris. § 3704.2 (4th ed.) ("[i]f a state statute allows an award of attorneys' fees . . . the prospect of those fees being awarded can be factored into the amount in controversy.").

19. Finally, Plaintiffs also seek to recover punitive damages as allowed under Daniel's Law. *See* Compl., Wherefore Clause ¶ C; Daniel's Law § c(2) ("The Court shall award…punitive damages."). Accordingly, the Court must also consider Plaintiffs' request for

punitive damages in determining the amount in controversy. *Hirsch v. Jewish War Veterans of Am.*, 537 F. Supp. 242, 244 n.3 (E.D. Pa. 1982) (punitive damages must be taken into account where recoverable under state law).

20. While Defendants dispute Plaintiffs' entitlement to recover any of the amounts that are or may be sought in this action, in light of the foregoing, upon information and belief, the amount in controversy in this matter exceeds $75,000.

21. Therefore, because diversity of citizenship exists under 28 U.S.C. § 1332(a)(1)and the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a), this case falls within the original jurisdiction of this Court and is subject to removal on diversity grounds.

22. By filing this Notice of Removal, Defendants do not waive any defenses available at law, in equity, or otherwise

**WHEREFORE**, Defendants respectfully request that the State Court Action be removed from the Superior Court of New Jersey, Bergen County to the United States District Court for the District of New Jersey, Newark Division.

March 22, 2024                                                      Respectfully Submitted,

                                                                    SPIRO HARRISON & NELSON

                                                                    By:/s/ Thomas M. Kenny
                                                                    Thomas M. Kenny, Esq.
                                                                    363 Bloomfield Avenue, Suite 2C
                                                                    Montclair, NJ 07042
                                                                    Attorneys for Defendants
                                                                    Quantarium Alliance, LLC and
                                                                    Quantarium Group, LLC

## CERTIFICATE OF SERVICE

    I hereby certify that on March 22, 2024, a true and correct copy of DEFENDANT'S NOTICE OF REMOVAL WITH EXHIBIT A, CIVIL COVER SHEET, and DIVERSITY JURISDICTION FORM, were electronically filed with the Clerk of the District Court and served upon counsel for Plaintiffs at the following address of record via email and U.S. mail:

Rajiv D. Parikh, Esq.  
Kathleen Barnett Einhorn, Esq.  
Genova Burns LLC  
494 Broad Street  
Newark, NJ 07102  

Dated: March 22, 2024

By: /s/ Thomas M. Kenny  
Thomas M. Kenny, Esq.