# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>    Plaintiffs,<br><br> v.<br><br>QUANTARIUM ALLIANCE, LLC, AND QUANTARIUM GROUP, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | Case No.: 24-cv-04098 |

**DEFENDANT QUANTARIUM ALLIANCE, LLC, AND QUANTARIUM GROUP, LLC'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' COMPLAINTS FOR LACK OF PERSONAL JURISDICTION**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 4

II. FACTUAL BACKGROUND ........................................................................................... 4

III. ARGUMENT ..................................................................................................................... 5

    A. Quantarium Is Not Subject to General Jurisdiction in New Jersey. ....................... 5

    B. Quantarium Is Not Subject to Specific Jurisdiction in New Jersey. ....................... 5

IV. CONCLUSION .................................................................................................................. 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ameripay, LLC v. Ameripay Payroll, Ltd.*,
    334 F. Supp. 2d 629 (D.N.J. 2004) ....................................................................................... 4

*Bristol-Myers Squibb Co. v. Superior Court*,
    582 U.S. 255 (2017) ............................................................................................................ 6

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ............................................................................................................ 5

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
    592 U.S. 351 (2021) ............................................................................................................ 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ............................................................................................................ 5

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ............................................................................................................ 6

*Kim v. Korean Air Lines*,
    513 F. Supp. 3d 462 (D.N.J. 2021) ................................................................................. 4, 6

*Toys "R" Us, Inc. v. Step Two, S.A.*,
    318 F.3d 446 (3d Cir. 2003) ............................................................................................... 6

*Walden v. Fiore*,
    571 U.S. 277 (2014) ............................................................................................................ 6

**Rules**

Fed. R. Civ. P. 12(b)(2) ............................................................................................................ 4, 6

## I. INTRODUCTION

Defendants Quantarium Alliance, LLC and Quantarium Group, LLC (collectively "Quantarium") join the consolidated Motion to Dismiss Plaintiffs' Complaints for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2). As set forth in the consolidated Motion, simply maintaining a website accessible to residents of New Jersey does not subject an out-of-state defendant to personal jurisdiction in that forum. *See Kim v. Korean Air Lines*, 513 F. Supp. 3d 462, 471 (D.N.J. 2021); *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 635 (D.N.J. 2004).

The declaration of Quantarium's Chief Operating Officer, Mr. Malcolm Cannon, establishes the absence of jurisdictional contacts between Quantarium and New Jersey. *See* Declaration of Malcolm Cannon ("Cannon Decl."). Because the facts, as sworn to by Mr. Cannon, confirm that none of the bases for general or specific jurisdiction exists, the claims against Quantarium should be dismissed for lack of personal jurisdiction.

## II. FACTUAL BACKGROUND

Quantarium operates a data analytics platform that provides users with access to property intelligence, including real estate valuations, ownership details, and market trends derived from publicly available sources. *See* Cannon Decl. at ¶ 3. Quantarium is a corporation organized under Delaware law and has its headquarters in Bellevue, Washington. *Id.* at ¶ 4. It is neither incorporated nor registered to do business in New Jersey and has not appointed any agent in the state for service of process. *Id.* at ¶ 5. Quantarium has never maintained an office, mailing address, or physical presence in New Jersey. *Id.* at ¶ 6. It does not own or lease any real property in New Jersey and has no mailing address or telephone listing there. *Id.* It has no employees, officers, or

agents in New Jersey and does not direct any of its personnel to work there. *Id.* at ¶ 7. It also lacks any bank accounts or financial assets in New Jersey and pays no taxes to New Jersey. *Id.* at ¶ 8.

Quantarium does not direct any advertising, marketing, or solicitation specifically toward New Jersey or its residents. *Id.* at ¶ 9. While its website is generally accessible, it does not target New Jersey as a market for its products or services or tailor any aspect of its business to New Jersey consumers. *Id.* Plaintiffs allege that takedown requests were sent and not adequately addressed by Quantarium. However, none of Quantarium's email addresses or communication channels used to manage takedown requests are maintained or operated in New Jersey. *Id.* at ¶ 10. Therefore, any alleged failure to act on Quantarium's part necessarily occurred outside the forum, negating any alleged nexus to New Jersey.

### III.   ARGUMENT

#### A.   Quantarium Is Not Subject to General Jurisdiction in New Jersey.

General jurisdiction requires that a corporation be "essentially at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). For a corporation, the relevant inquiries focus on its state of incorporation and principal place of business. *Id.* at 137. Here, Quantarium is not subject to general jurisdiction in New Jersey as it is not "essentially at home" in New Jersey. *See* Cannon Decl. Quantarium is a Delaware corporation with its principal place of business in Washington. *Id.* at ¶ 4. It has never had a headquarters, office, or regular place of business in New Jersey. *Id.* at ¶¶ 6–7. Consequently, it is not "at home" in New Jersey. *See Daimler*, 571 U.S. at 137; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

#### B.   Quantarium Is Not Subject to Specific Jurisdiction in New Jersey.

Quantarium is also not subject to specific jurisdiction in New Jersey. Specific jurisdiction exists only where a defendant purposefully directs its activities at the forum and the alleged injuries

"arise out of or relate to" those activities. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Moreover, the relevant contacts must be the defendant's own, not based on "the unilateral activity" of the plaintiff. *Walden v. Fiore*, 571 U.S. 277, 286 (2014).

Here, Quantarium does not target or advertise specifically to New Jersey. Cannon Decl. at ¶ 9. Its website is accessible nationwide, but broad accessibility alone does not establish that a defendant "purposefully availed" itself of a particular forum. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003); *see also Kim*, 513 F. Supp. 3d at 471 (rejecting reliance on mere website accessibility for jurisdiction). Further, any alleged inaction regarding takedown requests would necessarily have occurred outside of New Jersey. Cannon Decl. at ¶ 10. Plaintiffs' decision to send communications to a non-forum defendant does not create jurisdiction where Quantarium has no presence or meaningful contacts. Because any alleged acts or omissions occurred outside New Jersey, the claims cannot "arise out of or relate to" forum-based activities or confer specific jurisdiction on Quantarium. *See Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). And, even if it did, with no meaningful link to the forum and no conduct directed at the state that caused Plaintiffs' alleged injuries, the exercise of specific jurisdiction over Quantarium would violate due process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945).

## IV.   CONCLUSION

For the foregoing reasons, and for all the reasons articulated in the Consolidated Motion to Dismiss Plaintiffs' Complaints for Lack of Personal Jurisdiction, Quantarium respectfully requests that this Court dismiss the claims against it under Federal Rule 12(b)(2).

Date: March 18, 2025							Respectfully submitted,

By: */s/ Clair E. Wischusen*
Clair E. Wischusen
**GORDON REES SCULLY MANSUKHANI, LLP**
290 W. Mt. Pleasant Avenue, Suite 3310
Livingston, NJ 07039
Tel.: (973) 549-2500
Fax: (973) 377-1911
Email: cwischusen@grsm.com

Joseph Salvo (*pro hac vice* forthcoming)
John T. Mills (*pro hac vice* forthcoming)
Bianca Evans (*pro hac vice* forthcoming)
**GORDON REES SCULLY MANSUKHANI, LLP**
One Battery Park Plaza, 28th Floor
New York, NY 10004
Tel.: (212) 269-5500
Fax: (212) 269-5505
Email: jsalvo@grsm.com
Email: jtmills@grsm.com
Email: bevans@grsm.com

*Attorney for Defendants Quantarium Alliance, LLC, and Quantarium Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2025, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

Date:   March 18, 2025

*/s/ Clair E. Wischusen*
Clair E. Wischusen