# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUANTARIUM ALLIANCE, LLC, et al.,<br>Defendants. | Case No.: 1:24-cv-04098 |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INNOVATIVE WEB SOLUTIONS, LLC, et al.<br>Defendants. | Case No.: 1:25-cv-01535 |

## BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PERSONAL JURISDICTION DISCOVERY

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..............................................................................................1

FACTUAL BACKGROUND ............................................................................2

LEGAL ARGUMENT .......................................................................................5

    I.      Interrogatories ....................................................................8

    II.    Requests for Production .................................................11

CONCLUSION ...............................................................................................15

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Atlas Data Privacy Corp. v. LexisNexis Risk*,
  BER-L-000875-24 (Law Div. June 6, 2025) ................................................6, 10

*Blazovic v. Andrich*,
  124 N.J. 90 (1991) ........................................................................................6

*Booker v. Twp. of Cinnaminson*,
  2012 U.S. Dist. LEXIS 147609 (E.D. Pa. Oct. 5, 2012) ....................................10

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)......................................................................................12

*Deardorff v. Cellular Sales of Knoxville, Inc.*,
  2020 U.S. Dist. LEXIS 153884 (E.D. Pa. Aug. 25, 2020) ..................................9

*Flood v. Schaefer*,
  2012 U.S. Dist. LEXIS 21243 (W.D. Pa. Feb. 17, 2012)....................................9

*Hasson v. FullStory, Inc.*,
  114 F.4th 181 (3d Cir. 2024) ...................................................................5, 7, 14

*Helicopteros Nacionales De Colombia v. Hall*,
  466 U.S. 408 (1984)......................................................................................14

*Hepp v. Facebook*,
  14 F.4th 204 (3d Cir. 2021) ............................................................................7, 8

*IMO Indus. v. Kiekert AG*,
  155 F.3d 254 (3d Cir. 1998) ............................................................................5

*Lasala v. Marfin Popular Bank Pub. Co.*,
  410 F. App'x 474 (3d Cir. 2011) ......................................................................11

*Marten v. Godwin*,
  499 F.3d 290 (3d Cir. 2007) ............................................................................6

*Newman v. N.C. Ins. Underwriting Ass'n*,
  2020 U.S. Dist. LEXIS 212387 (D.N.J. Nov. 9, 2020) ......................................10

*O'Connor v. Sandy Lane Hotel Co.*,
496 F.3d 312 (3d Cir. 2007) .......................................................................1, 13

*Rockwood Select Asset Fund XI v. Devine, Millimet & Branch*,
750 F.3d 1178 (10th Cir. 2014) .......................................................................7

*Shuker v. Smith & Nephew, PLC*,
885 F.3d 760 (3d Cir. 2018) ...........................................................................5

*UMAC, Inc. v. Aqua-Gas AVK*,
2005 U.S. Dist. LEXIS 6124 (E.D. Pa. Mar. 30, 2005) ....................................10

*Walden v. Fiore*,
571 U.S. 277 (2014) ........................................................................................7

**Rules**

D.N.J Civ. R. 37.1 .............................................................................................4

Fed. R. Civ. P. 12(b)(1) .....................................................................................1

Fed. R. Civ. P. 26(b)(1) .....................................................................................5

**Other Authorities**

Black's Law Dictionary, *Intentional Tort* (12th ed. 2024) .......................................6

*Restatement (Second) of Torts* § 8A comment b (1965)...........................................6

iv

Defendants Quantarium Alliance, LLC and Quantarium Group, LLC (collectively, "Quantarium") and Innovative Web Solutions, LLC ("IWS") (Quantarium and IWS, collectively, "Defendants") respectfully submit this brief in opposition to Plaintiffs' motion to compel personal jurisdiction discovery (the "Motion").

## <u>INTRODUCTION</u>

Defendants have moved the Court to dismiss Plaintiffs' claims against them for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In response to the motion, the Court authorized Plaintiffs to serve discovery requests on the *limited* issue of personal jurisdiction, and indeed cautioned Plaintiffs to be narrow in their requests. In response, Plaintiffs served exceedingly broad Requests for Production ("RFPs") and a First Set of Interrogatories ("Interrogatories") seeking discovery as to matters that plainly have no bearing on the issue of whether this Court has personal jurisdiction over Defendants and is nothing short of a fishing expedition. Indeed, the vast majority of the discovery sought improperly conflates merits and jurisdictional discovery and bears little, if any, relation to the only relevant issue for purposes of jurisdiction—*i.e.*, whether Plaintiffs' claims "arise out of or relate to" Defendants' contacts with the forum state. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).

Doubling down on their failures, Plaintiffs now burden the Court with their Motion which has no basis in fact or law.  Indeed, Plaintiffs now pivot and argue that their Complaint must be interpreted to have alleged intentional torts by Defendants, and that Defendants are therefore subject to personal jurisdiction under the "effects test."  But, their Complaint does not do so and, even if it did, there is no basis for the broad merits-based discovery which Plaintiffs have served and seek to compel by way of this Motion.  As set forth in Defendants' motion(s) to dismiss and discovery responses served to date, neither Quantarium nor IWS have sufficient contacts with the State of New Jersey and have been haled into suit in a state with which they have no contacts whatsoever.  For these reasons, and the reasons set forth more fully below.  Plaintiffs' motion should be denied.

## FACTUAL BACKGROUND[1]

The discovery responses served to date by Quantarium and IWS have already revealed that both lack sufficient contacts, or any contact whatsoever, with the State of New Jersey sufficient for this Court to exercise personal jurisdiction over them.[2] By way of example, in response to Interrogatory No. 3, Defendants confirmed that none of their officers, directors, employees, contractors, vendors, or employees have

---

[1] In the interests of brevity and judicial economy, Defendants do not recite the procedural history pertaining to this matter and the allegations in the Complaint, and assumes the Court's familiarity with same.

[2] Copies of Quantarium's Responses and Objections to Plaintiffs' Interrogatories and RFPs are attached hereto as Exhibits A and B, respectively, and copies of IWS' Responses and Objections to Plaintiffs' Interrogatories and RFPs are attached hereto as Exhibits C and D, respectively.

been residents of New Jersey. In response to Interrogatory No. 4, they stated that they do not conduct any advertising or marketing activities in New Jersey, nor do they target any advertising or marketing activities specifically to New Jersey. In Defendants also stated that they have not entered into any contracts or agreements with any New Jersey entity related to the provision of their products or services. *See* Response to Interrogatory No. 5. Lastly, Defendants have not within the last 5 years, entered into any contract executed within the State of New Jersey or to be performed in New Jersey, commenced any legal actions within the State of New Jersey, been authorized to do business in the State of New Jersey, or claimed a tax credit or tax deduction for taxes paid in New Jersey. *See* Response to Interrogatories No. 11, 13, 15.

Defendants' responses to Plaintiffs' RFPs also reveal a similar lack of sufficient contact(s) with the State of New Jersey, including that they have not entered into any contacts or agreements with any New Jersey entity related to the provision of their products or services. *See* Response to RFP No. 8. More importantly, Defendants provided Plaintiffs with information demonstrating that their revenue(s) derived from residents of the State of New Jersey is minimal, at best. *See* Response to RFP No. 3. These discovery responses are *in addition to* the declarations provided in support of Defendants' supplemental motion(s) to dismiss for lack of personal jurisdiction.

3

Following the filing of their motion(s) to dismiss and service of their responses and objections to Plaintiffs' jurisdictional discovery, Plaintiffs sent one discovery letter to the defendants in various actions, which they served on June 4, 2025. *See* ECF No. 72-3. On June 9, 2025, Defendants' counsel, along with counsel for several other defendants in separate lawsuits, attended a "meet and confer" wherein it was determined that individual meet and confer sessions with each individual defendant would be more appropriate. However, Defendants did not have any further discussions with Plaintiffs' counsel regarding the alleged discovery deficiencies, and Plaintiffs thereafter proceeded to file the instant motion. Such practice wholly ignores Local Civil Rule 37.1 (requiring a "good faith effort" to resolve any discovery issues).

In their Motion, Plaintiffs seek to compel discovery well beyond what was set forth in their June 4 letter. Moreover, Plaintiffs' Motion is replete with vague and conclusory assertions which conflate the issues before the Court and seek discovery as to matters that are entirely irrelevant to the limited issue of personal jurisdiction. Ultimately, for the reasons set forth more fully below, it is neither necessary nor proportional for Defendants to provide further discovery on personal jurisdiction. Defendants have produced more than enough information to make it clear that there is no basis for personal jurisdiction in New Jersey. Plaintiffs have received all of the appropriate discovery as is relevant to the limited issue of whether this Court may

exercise personal jurisdiction over Defendants.  As such, Plaintiffs' Motion should be denied.

## LEGAL ARGUMENT

"[J]urisdictional discovery is not a license for the parties to engage in a fishing expedition."  *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 782 n.20 (3d Cir. 2018) (internal quotations omitted).  As the Third Circuit has explained, this is "all the more true after the 2015 amendments to the Federal Rules of Civil Procedure," which require discovery to be proportional to the needs of the case.  *Id.* District courts "should take care to circumscribe the scope of discovery . . . to only the factual questions necessary to determine its jurisdiction," taking into account the proportionality factors under Federal Rule of Civil Procedure 26(b)(1).  *Id.*

As a preliminary matter, in their Motion, Plaintiffs argue that they are entitled to discovery to establish personal jurisdiction under the effects test *and* the purposeful availment test.  However, Plaintiffs are mistaken in arguing that the effects test applies.  As Plaintiffs acknowledge, the effects test requires that (1) Defendants commit an intentional tort; (2) Plaintiffs were harmed in the forum; and (3) Defendants expressly aimed their tortious conduct at the forum.  *See* Motion at p. 4 (quoting *Hasson v. FullStory, Inc.*, 114 F.4th 181, 187 (3d Cir. 2024)) (internal quotations omitted); *see also IMO Indus. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998).  "The effects test prevents a defendant from being haled into a

jurisdiction . . . if the defendant did not expressly aim *its conduct* at the state." *Id.* at 191 (*Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007). Under New Jersey law, an intentional tort requires intent to harm, *i.e.*, "To act intentionally involves knowingly or purposefully engaging in conduct 'substantially certain' to result in injury to another." *See Blazovic v. Andrich*, 124 N.J. 90, 107 (1991) (quoting *Restatement (Second) of Torts* § 8A comment b (1965)).

Plaintiffs already relied on the "effects test" in requesting jurisdictional discovery in state court, and their request was soundly rejected. *See Atlas Data Privacy Corp. v. LexisNexis Risk*, BER-L-000875-24 (Law Div. June 6, 2025) ("Plaintiffs have not presented factual allegations suggesting with reasonable particularity the possibility of contacts between Defendants and New Jersey as to warrant jurisdictional discovery"). Daniel's Law is not a "tort," much less an "intentional tort." *See* Black's Law Dictionary, *Intentional Tort* (12th ed. 2024) (an intentional tort is "[a] tort committed by someone acting with general or specific intent. Examples include battery, false imprisonment"). As this Court has already concluded, there is no specific intent standard of liability as to alleged violations of Daniel's Law. *See* ECF No. 31 at p. 39 ("the court concludes that Daniel's Law does not mandate a specific intent standard of liability.").

The Complaint also does not identify any "intentional" wrongdoing, nor does it mention the "effects test" at all. Indeed, the Complaint does not even once use the

words "intentional" or "intentionally," and there is no allegation that Defendants intended to violate Daniel's Law, intended to harm anyone, or intentionally disclosed someone's information knowing that they were substantially certain to be harmed—nor could it.  As such, Plaintiffs' reliance on the "effects test" should be rejected.  *See, e.g.*, *Walden v. Fiore*, 571 U.S. 277, 290 (2014) (under the "effects test," explaining that "[t]he proper question is not where the plaintiff experienced a particular injury or effect but *whether the defendant's conduct connects him to the forum* in a meaningful way") (emphasis added); *Rockwood Select Asset Fund XI v. Devine, Millimet & Branch*, 750 F.3d 1178, 1180 (10th Cir. 2014) ("*Walden* teaches that personal jurisdiction cannot be based on interaction with a plaintiff known to bear a strong connection to the forum state.").

As Plaintiffs similarly acknowledge, the appropriate test for purposes of whether this Court can exercise personal jurisdiction over Defendants—and what the scope of this limited jurisdictional discovery which Plaintiffs can seek is—is whether Defendants purposely availed themselves of the privilege of conducting activities within New Jersey and, specifically, whether Defendants have "minimum contacts" with New Jersey to show that Defendants "took a deliberate act reaching out to do business" in New Jersey and that "give[s] rise to—or relate[s] to—[Plaintiffs'] claims."  *See* Motion at p. 9 (quoting *Hasson*, 114 F.4th at 186 and *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021)) (internal quotations omitted).

Defendants' discovery responses that have been served to date indicate that Defendants are not subject to jurisdiction in New Jersey. *See Hepp v. Facebook*, 14 F.4th 204, 207 (3d. Cir. 2021). Plaintiffs' Motion seeks discovery that is wholly irrelevant to this narrow issue and should be denied.

## I.    **Interrogatories**

***Interrogatory No. 2***. Plaintiffs' position with respect to Interrogatory No. 2, is perplexing, as Defendants have provided information on the portions of their revenues for customers that have a New Jersey address in their response(s) to RFP No. 2. Given Defendants' response to RFP No. 2, it is unclear what additional information and/or documentation Plaintiffs are seeking. Surely, had Plaintiffs complied with their meet and confer requirements under the Local Rules, this issue could have been clarified, but it is clear that, looking at the discovery responses as a whole, additional discovery is neither necessary nor proportional.

***Interrogatory No. 3***. Plaintiffs' Interrogatory No. 3 requests that Defendant identify each and every one of their officers, directors, employees, contractors, vendors and any other individual(s) or entity(ies) that have been involved in their business—*i.e.*, Plaintiffs' Interrogatory is *not* limited to the State of New Jersey only. Nonetheless, Defendants have responded that none of the individuals listed in this Interrogatory are residents of the State of New Jersey, which more than satisfies Defendants' obligations for purposes of this limited scope of discovery.

8

*__Interrogatory No. 4__*.  Defendants' responses to Interrogatory No. 4 establish that Defendants (i) do not conduct any advertising or marketing activities in New Jersey; and (ii) do not target any advertising or marketing activities specifically to New Jersey.   In their Motion, Plaintiffs claim they must "determine whether [the marketing] activities bear a 'particular nexus' with New Jersey."  Motion at p. 15.  But Defendants have already done so, and Plaintiffs' argument does not meet their burden with respect to the need for additional discovery.  *See Flood v. Schaefer*, 2012 U.S. Dist. LEXIS 21243, at *12 (W.D. Pa. Feb. 17, 2012) (denying motion to compel discovery, and stating "[plaintiff] has already received the discovery to which he is entitled"); *Deardorff v. Cellular Sales of Knoxville, Inc.*, 2020 U.S. Dist. LEXIS 153884, at *27 (E.D. Pa. Aug. 25, 2020) (denying request for "all advertising, marketing or business communication sent to the forum state" as it sought communications "regardless of the relevance of any such contacts to this suit").

*__Interrogatory Nos. 7__*.  Plaintiffs' argument with respect to Interrogatory Nos. 7 and 8 is premised upon the effects test applying here, which it does not as set forth above.  Regardless, Defendants' discovery responses already confirm they do not have any "systematic" contacts with New Jersey (*e.g.*, no headquarters in New Jersey, no offices in New Jersey, no employees in New Jersey, vast majority of their revenue is from outside New Jersey).  It is clear that Plaintiffs are using these

Interrogatories as a fishing expedition and these aspects of the Motion should be denied.

**_Interrogatory No. 9_**.  In Interrogatory No. 9, Plaintiffs seek a description of "all actions taken by Defendant to respond to any written requests under Daniel's Law."  This Interrogatory cannot possibly lead to relevant discovery.  In addition to failing to demonstrate that the effects test applies, any actions taken by Defendants in response to Plaintiffs' conduct cannot provide a basis for personal jurisdiction. *See, e.g.*, *Newman v. N.C. Ins. Underwriting Ass'n*, 2020 U.S. Dist. LEXIS 212387, at *24 (D.N.J. Nov. 9, 2020) ("[Defendant's] phone call and letter . . . were merely responses to Plaintiff's actions.  It is well-settled that unilateral activity on the part of a plaintiff does not make a defendant amenable to personal jurisdiction."); *Booker v. Twp. of Cinnaminson*, 2012 U.S. Dist. LEXIS 147609, at *4 (E.D. Pa. Oct. 5, 2012) ("letters sent to [plaintiff] were in response to [plaintiff's] unilateral activity, and thus do not demonstrate the [defendant] deliberately targeted Pennsylvania"); *UMAC, Inc. v. Aqua-Gas AVK*, 2005 U.S. Dist. LEXIS 6124, at *11 (E.D. Pa. Mar. 30, 2005) ("contacts [which] constitute responses to unilateral actions by [plaintiff] . . . cannot satisfy the requirement of contact within the forum state").  Perhaps most tellingly, Plaintiffs fail to mention that their theory was rejected by the New Jersey Appellate Division just a few weeks ago.  *See Atlas Data Privacy Corp. v. LexisNexis Risk*, BER-L-000875-24 (Law Div. June 6, 2025) ("the allegations that

the unlawful actions occurred in New Jersey are *based on the unilateral activities of the Plaintiffs*") (emphasis added).

**_Interrogatory No. 10_**.  Similarly, Interrogatory No. 10 improperly attempts to conflate merits-based discovery with the limited scope of jurisdictional discovery that has been ordered by the Court.  Plaintiffs cannot use jurisdictional discovery as a guise to gather information regarding the merits of their claim. *See Lasala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 478 (3d Cir. 2011) ("[T]his Court has cautioned against allowing jurisdictional discovery to serve as a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery.") (internal quotations omitted).  Moreover, for the reasons discussed above, this Interrogatory is irrelevant as the effects test does not apply.

## II.    Requests for Production

**_RFP No. 1_**.  In RFP 1, Plaintiffs request various documents relating to the use of Defendants' services, Defendants' marketing activities, contracts with New Jersey entities, or making available information that is subject to Daniel's Law. Defendants have provided responses to RFP 1(a) and 1(d).  However, despite the fact that Defendants have stated that they do not engage in any advertising or marketing specifically targeted to New Jersey or its residents and that they have not entered into any contracts with New Jersey entities (*see* Responses to Interrogatories No. 4 and 5), Plaintiffs seek to compel Defendants to provide responses to RFP 1(b)

11

and 1(c).  Defendants have stated that they do not have any documents responsive to these requests.  As such, there is no need for any further documentation or information in response to RFP No. 1.

*RFP Nos. 2, 3, 19, and 20*.  Defendants have similarly provided responses to RFP No. 2 dictating the amount of revenue(s) attributable to New Jersey residents. As such, Plaintiffs' argument regarding RFP Nos. 2, 3, 19, and 20 is meritless.

*RFP No. 5*.  In RFP Nos. 5 and 6, Plaintiffs request documents regarding Defendants' communications with Plaintiffs or any other New Jersey resident who sent Daniel's Law requests to Defendants, as well as Defendants' related communications with any related entity.  As noted above, Defendants' response to Plaintiffs' unilateral communications cannot provide the basis for personal jurisdiction.  *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ("a defendant will not be haled into a jurisdiction solely as a result of . . . unilateral activity of another party").  This request is also irrelevant given Plaintiffs' feigned reliance on the effects test, as discussed above.

*RFP Nos. 7, 10, 11, 12*.  RFP Nos. 7, 10, 11, and 12, once again, improperly attempt to conflate merits and jurisdictional discovery, as these RFPs clearly seeks information that is relevant only to the merits of Plaintiffs' claims and cannot plausibly be relevant for purposes of jurisdictional discovery.  Moreover, Plaintiffs have also been provided with discovery demonstrating that Defendants lack a

systemic connection to the State, further rendering these RFPs and Plaintiffs' arguments meritless.

**_RFP No. 13_**.  In addition to relating to the merits of the case and improperly relying on the effects test, Plaintiffs also argue that RFP No. 13 is relevant for purposes of the purposeful availment test.  However, this argument is misplaced.  The documents and communications sought in RFP No. 13 have nothing to do with specific jurisdiction unless: (i) Defendants made these communications while _purposefully contacting the forum state_; and (ii) Plaintiffs' claims _arise out of or relate to Defendants' purposeful contacts in the state_.  _See O'Connor v. Sandy Lane Hotel Co._, 496 F.3d 312, 318 (3d Cir. 2007) ("Identifying some purposeful contact with the forum is but the first step in the specific-jurisdiction analysis.  The plaintiffs' claims must also 'arise out of or relate to' at least one of those contacts").  With this in mind, documents and communications relating to Defendants' responses to the Daniel's Law requests _received from Plaintiffs_ is not and cannot be relevant.

**_RFP Nos. 14, 15, 16, 17 and 21_**. Plaintiffs' arguments regarding RFP Nos. 14, 15, 16, 17 and 21, which seek documents relating to the Daniel's Law requests received by Defendants and Defendants' response to same, again is based on the improper position that the effects test applies here.  As set forth above, it does not.  Moreover, these RFPs (and Plaintiffs' abrupt change in position as to the applicability of the effects test) clearly delve well into the merits of Plaintiffs' claim,

and is demonstrative of Plaintiffs' continued fishing expedition and attempt to expand the scope of this limited jurisdictional discovery in defiance of Court directives.

As to RFP No. 16, the issue of whether Defendants had "knowledge" of any supposed "duties under Daniel's Law" has no impact on this analysis. *See Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 411 n.9 (1984) (to establish specific jurisdiction, plaintiff must show the action is "arising out of or related to the defendant's contacts with the forum"). A defendant's mere "knowledge" that a plaintiff in the forum will be harmed does not show that its actions "expressly targeted" the forum for purposes of the "effects test," or any other prerequisite to establishing personal jurisdiction. *Hasson v. FullStory, Inc.*, 114 F.4th 181, 196 (3d Cir. 2024) ("We have **rejected the argument that the 'expressly aiming' requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state**." (emphasis added)) (internal quotations omitted).

***RFP No. 18***.  In RFP No. 18, Plaintiffs request "[a]ll documents reflecting or relating to the number of individuals with New Jersey addresses in any and all databases or on any sites that Defendant utilizes." However, the mere presence of an individual's address in Defendants' database(s) or any site(s) that Defendants utilize is irrelevant to establish whether Defendants had sufficient contacts with the

14

State of New Jersey such that the Court may exercise jurisdiction over them. Indeed, Defendants have already provided ample information demonstrating the lack of sufficient contacts, including their revenues. *See* Response to RFP No. 3.

**_RFP No. 22_**. In response to RFP No. 22, Defendants stated that they are not in possession of any documents, which is unsurprising given that Defendants have stated that they have not entered into any contracts with New Jersey entities. *See* Responses to Interrogatory No. 5. As such, there is no need for any further documentation or information in response to RFP No. 22.

**_RFP No. 23_**. Lastly, Plaintiffs claim that Defendants have failed to comply with RFP No. 23. However, Defendants have stated that they will produce such documentation. As such, it is unclear what additional documents Plaintiffs are seeking, and there is certainly no need for any further documentation or information.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to compel personal jurisdiction discovery in its entirety.

Dated: July 14, 2025

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI,
LLP

By:*/s/ Clair E. Wischusen*

Clair E. Wischusen
290 W. Mt. Pleasant Avenue, Suite 3310
Livingston, New Jersey 07039
Tel: (973) 549-2500
Fax: (973) 377-1911
Email: cwischusen@grsm.com

*Attorneys for Defendants Quantarium Alliance, LLC, Quantarium Group, LLC and Innovative Web Solutions, LLC*