IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : : : | CIVIL ACTION |
| v. | : : | |
| WE INFORM, LLC, et al. | : | NO. 24-4037 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : : : | CIVIL ACTION |
| v. | : : | |
| INFOMATICS, LLC, et al. | : | NO. 24-4041 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : : : | CIVIL ACTION |
| v. | : : | |
| THE PEOPLE SEARCHERS, LLC, et al. | : : | NO. 24-4045 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : : : | CIVIL ACTION |
| v. | : : | |
| DELVEPOINT, LLC, et al. | : | NO. 24-4096 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : : : | CIVIL ACTION |
| v. | : : | |
| QUANTARIUM ALLIANCE, LLC, et al. | : : | NO. 24-4098 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| v. | : | |
| EQUIMINE, INC., et al. | : | NO. 24-4261 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| v. | : | |
| MELISSA DATA CORP., et al. | : | NO. 24-4292 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| v. | : | |
| GOHUNT, LLC, et al. | : | NO. 24-4380 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| v. | : | |
| NUWBER, INC., et al. | : | NO. 24-4609 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| v. | : | |
| BELLES CAMP COMMUNICATIONS, INC., et al. | : | NO. 24-4949 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| v. | : | |
| SPY DIALER, INC., et al. | : | NO. 24-11023 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| v. | : | |
| LIGHTHOUSE LIST COMPANY, LLC, et al. | : | NO. 24-11443 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| v. | : | |
| PEOPLEWHIZ, INC., et al. | : | NO. 25-237 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| v. | : | |
| FIRST DIRECT, INC., et al. | : | NO. 25-1480 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| v. | : | |
| GREENFLIGHT VENTURE CORP., et al. | : | NO. 25-1517 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| INNOVATIVE WEB SOLUTIONS, LLC, et al. | : | NO. 25-1535 |

ORDER

      These cases involve alleged violations of a New Jersey statute known as Daniel's Law. N.J.S.A. 56:8-166.1. The defendants have moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. The court has allowed discovery on this issue. Before the court is the motion of plaintiffs to compel defendants to provide responsive answers to plaintiffs' interrogatories and to provide documents in response to plaintiffs' requests for production of documents. In ruling on the motion, the court has considered not only the relevance of the requested discovery to the issue of personal jurisdiction, but also proportionality to the needs of the cases. See Fed. R. Civ. P. 26(b)(1). Accordingly, it is hereby ORDERED this 13th of August 2025 that:

      (1) The motion of plaintiffs to compel discovery is GRANTED in part and DENIED in part;

   (2) Defendants Nuwber, Inc. and Spy Dialer, Inc. shall serve answers which meaningfully describe their products and services as set forth in Interrogatory 1;

   (3) Defendants Nuwber, Quantarium Alliance, and Spy Dialer shall serve answers to Interrogatory 2. Defendants Belles Camp Communications and Lighthouse List shall supplement their answers to Interrogatory 2 to include customers with New Jersey mailing addresses to the extent that they are able to do so;

   (4) Interrogatory 3 is limited to read: "Identify all individuals employed by Defendant since December 1, 2023 with the authority to make decisions regarding takedown of unpublished telephone numbers and home addresses, as well as any entities involved with Defendant's product who have such authority";

   (5) Defendants Belles Camp Communication, Delvepoint, We Inform, Infomatics, The People Searchers, Quantarium Alliance, Melissa Data, Nuwber, Spy Dialer, PeopleWhiz, and First Direct shall supplement their answers to Interrogatory 3 as limited;

   (6) Defendants Belles Camp Communications, Infomatics, Nuwber, Lighthouse List, Quantarium Alliance, Spy Dialer, The People Searchers, We Inform, PeopleWhiz, and First Direct shall serve answers to Interrogatory 4,

      (7) Defendants Belles Camp Communications, Equimine, Infomatics, Nuwber, Lighthouse List, Spy Dialer, The People Searchers, and We Inform shall serve answers to Interrogatory 5;

      (8) Defendants Equimine, Melissa Data, Lighthouse List, Spy Dialer, and First Direct shall serve answers to Interrogatory 6;

      (9) The motion of plaintiffs to the extent they seek to compel answers to Interrogatories 7, 8, 9, and 10 is DENIED;

      (10) The motion of plaintiffs to the extent they seek to compel the production of documents is DENIED without prejudice; and

      (11) Full and complete answers to interrogatories as ordered herein shall be served on or before September 3, 2025. No extensions will be granted.

                                  BY THE COURT:

                                  /s/ Harvey Bartle III
                                                        J.