**GORDON REES SCULLY MANSUKHANI LLP**
Clair Wischusen, Esq. (018022009)
John Mills, Esq. (*pro hac vice*)
290 W. Mount Pleasant Avenue, Suite 3310
Livingston, New Jersey 07039
Phone: 973-549-2500
Fax: 973-377-1911
Email: cwischusen@grsm.com
Email: jtmills@grsm.com

*Attorneys for Defendants Quantarium*
*Alliance, LLC and Quantarium Group, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1*, a law enforcement officer,* JANE DOE-2*, a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, | **ANSWER** |
| Plaintiffs, | |
| v. | |
| QUANTARIUM ALLIANCE, LLC, QUANTARIUM GROUP, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,* | |
| Defendants. | |

1

Defendants Quantarium Alliance, LLC and Quantarium Group, LLC ("Defendants"), by and through their undersigned counsel, answer the complaint of Plaintiffs Atlas Data Privacy Corporation ("Atlas"), Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan (collectively, "Plaintiffs") as follows upon information and belief:

## **INTRODUCTION**

1. The allegations in Paragraph 1 consist of conjecture, opinion, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 and leaves Plaintiffs to their proofs.

2. Defendants deny the allegations in Paragraph 2, specifically deny that Plaintiffs are entitled to any relief whatsoever, and leave Plaintiffs to their proofs.

3. Defendants deny that they have wantonly and repeatedly disregarded the law. Except as expressly denied, the allegations in Paragraph 3 consist of conjecture, opinion, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 3 and leaves Plaintiffs to their proofs.

4. The allegations in Paragraph 4 consist of conjecture, opinion, and/or legal conclusions to which no response is required. To the extent a response is

required, Defendants deny the allegations in Paragraph 4, specifically deny that Plaintiffs are entitled to any relief whatsoever, and leave Plaintiffs to their proofs.

## BACKGROUND

### Passage of Daniel's Law in New Jersey[1]

5.    Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 5 and, on that basis, deny the same and leave Plaintiffs to their proofs.

6.    Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 6 and, on that basis, deny the same and leave Plaintiffs to their proofs.

7.    Defendants lack the allegations against it regarding the services offered by Defendants and the allegations set forth in Paragraph 7.  Except as expressly denied, Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 7 and, on that basis, deny the same and leave Plaintiffs to their proofs.

### New Jersey Passes Daniel's Law in 2020[2]

8.    The allegations in Paragraph 8 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants lack the

[1] The headings as set forth in Defendants' Answer are for reference purposes only and mirror those set forth in Plaintiffs' Complaint.  To the extent the headings are deemed to be an allegation against Defendants, Defendants expressly deny such allegations and leave Plaintiffs to their proofs.
[2] *See supra* note 1.

3

allegations in Paragraph 8, respectfully refer all matters of law to the Court, respectfully refer the Court to the text of the statute cited therein for the complete and accurate contents thereof, and leave Plaintiffs to their proofs.

9.      The allegations in Paragraph 9 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9, respectfully refers all matters of law to the Court, respectfully refers the Court to the text of the statute cited therein for the complete and accurate contents thereof, and leaves Plaintiffs to their proofs.

### Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022[3]

10.     Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 10 and, on that basis, deny the same and leave Plaintiffs to their proofs.

11.     Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 11 and, on that basis, deny the same, respectfully refer all matters of law to the Court, respectfully refer the Court to the text of the bill cited therein for the complete and accurate contents thereof, and leave Plaintiffs to their proofs.

12.     Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 12 and, on that basis, deny the same, respectfully refer

[3] *Id.*

4

all matters of law to the Court, respectfully refer the Court to the text of the bill cited therein for the complete and accurate contents thereof, and leave Plaintiffs to their proofs.

## Violence Against Police Officers and Judges Has Not Stopped[4]

13.    Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 13 and, on that basis, deny the same and leave Plaintiffs to their proofs.

14.    Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 14 and, on that basis, deny the same and leave Plaintiffs to their proofs.

## THE PARTIES

### The Individual Plaintiffs

15.    Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 15 and, on that basis, deny the same and leave Plaintiffs to their proofs.

16.    Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 16 and, on that basis, deny the same and leave Plaintiffs to their proofs.

---

[4] *See id.*

17. Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 17 and, on that basis, deny the same and leave Plaintiffs to their proofs.

18. Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 18 and, on that basis, deny the same and leave Plaintiffs to their proofs.

19. Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 19 and, on that basis, deny the same and leave Plaintiffs to their proofs.

20. Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 20 and, on that basis, deny the same and leave Plaintiffs to their proofs.

21. Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 21 and, on that basis, deny the same and leave Plaintiffs to their proofs.

22. Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 22 and, on that basis, deny the same and leave Plaintiffs to their proofs.

23.    Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 23 and, on that basis, deny the same and leave Plaintiffs to their proofs.

24.    Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 24 and, on that basis, deny the same and leave Plaintiffs to their proofs.

### Plaintiff Atlas and its Assignors

25.    Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 25 and, on that basis, deny the same and leave Plaintiffs to their proofs.

26.    The allegations in Paragraph 26 regarding what assignment is permitted under Daniel's Law and what constitutes a "covered person" under Daniel's Law consist of legal conclusions to which no response is required. To the extent a response is required to these allegations, Defendants deny the same. As to the remaining allegations in Paragraph 26, Defendants lack personal knowledge or belief sufficient to respond to these allegations and, on that basis, deny the same and leave Plaintiffs to their proofs.

27.    Defendants deny that they have failed to comply with Daniel's Law. The allegations in Paragraph 27 regarding who qualifies as a "covered person" under Daniel's Law consist of legal conclusions to which no response is required. To the

extent a response is required to these allegations, Defendants deny the same. As to the remaining allegations in Paragraph 27, Defendants lack personal knowledge or belief sufficient to respond to these allegations and, on that basis, deny the same and leave Plaintiffs to their proofs.

28. Defendants deny the allegations in Paragraph 28 and leave Plaintiffs to their proofs.

29. Defendants deny the allegations in Paragraph 29 and leave Plaintiffs to their proofs.

30. The allegations in Paragraph 30 regarding what assignment is permitted under Daniel's Law consist of legal conclusions to which no response is required. To the extent a response is required to these allegations, Defendants deny the same. As to the remaining allegations in Paragraph 30, Defendants lack personal knowledge or belief sufficient to respond to these allegations and, on that basis, deny the same and leave Plaintiffs to their proofs.

31. Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 31 and, on that basis, deny the same and leave Plaintiffs to their proofs.

32. Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 32 and, on that basis, deny the same and leave Plaintiffs to their proofs.

33.     Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 33 and, on that basis, deny the same and leave Plaintiffs to their proofs.

34.     Defendants deny that "each of the Individual Plaintiffs and Covered Persons sent Defendants a takedown notice." Defendants lack personal knowledge or belief sufficient to respond to the remaining allegations in Paragraph 34 and, on that basis, deny the same and leave Plaintiffs to their proofs.

35.     Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 35 and, on that basis, deny the same and leave Plaintiffs to their proofs.

36.     The allegations in Paragraph 36 consist of conjecture and/or opinion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36, deny that Plaintiffs are entitled to any relief whatsoever, and leave Plaintiffs to their proofs.

**Defendants**

37.     Defendants deny the allegations of Paragraph 37 and leave Plaintiffs to their proofs.

38.     Defendants deny the allegations of Paragraph 38 and leave Plaintiffs to their proofs.

9

39.    Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 39 and, on that basis, deny the same and leave Plaintiffs to their proofs.

40.    Defendants deny the allegations in Paragraph 40 and leaves Plaintiffs to their proofs.

41.    Defendants deny the allegations in Paragraph 41 and leaves Plaintiffs to their proofs.

42.    Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 42 and, on that basis, deny the same, respectfully refer all matters of law to the Court, and leave Plaintiffs to their proofs.

## JURISDICTION AND VENUE

43.    The allegations in Paragraph 43 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43 and leave Plaintiffs to their proofs.

44.    The allegations in Paragraph 44 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 44 and leave Plaintiffs to their proofs.

## FACTS COMMON TO ALL COUNTS

45.    The allegations in Paragraph 45 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the

allegations in Paragraph 45, but respectfully refer all matters of law to the Court, respectfully refer the Court to the text of the statute cited therein for the complete and accurate contents thereof, and leave Plaintiffs to their proofs.

46.    The allegations in Paragraph 46 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46, respectfully refer all matters of law to the Court, respectfully refer the Court to the text of the statute cited therein for the complete and accurate contents thereof, and leave Plaintiffs to their proofs.

47.    The allegations in Paragraph 47 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 47, respectfully refer all matters of law to the Court, respectfully refer the Court to the text of the statute cited therein for the complete and accurate contents thereof, and leave Plaintiffs to their proofs.

48.    The allegations in Paragraph 48 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 48, respectfully refer all matters of law to the Court, respectfully refer the Court to the text of the statute cited therein for the complete and accurate contents thereof, and leave Plaintiffs to their proofs.

49.    The allegations in Paragraph 49 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the

allegations in Paragraph 49, respectfully refer all matters of law to the Court, respectfully refer the Court to the text of the statute cited therein for the complete and accurate contents thereof, and leave Plaintiffs to their proofs.

50. The allegations in Paragraph 50 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 50, respectfully refer all matters of law to the Court, respectfully refer the Court to the text of the statute cited therein for the complete and accurate contents thereof, and leave Plaintiffs to their proofs.

51. The allegations in Paragraph 51 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51, respectfully refer all matters of law to the Court, respectfully refer the Court to the text of the statute cited therein for the complete and accurate contents thereof, and leave Plaintiffs to their proofs.

52. Defendants deny that any written nondisclosure requests sent to Defendants using AtlasMail were in accordance with Daniel's Law. Except as expressly denied, Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 52 and, on that basis, deny the same and leave Plaintiffs to their proofs.

53.     Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 53 and, on that basis, deny the same and leave Plaintiffs to their proofs.

54.     Defendants deny the allegations in Paragraph 54, respectfully refer all matters of law to the Court, and leave Plaintiffs to their proofs.

55.     Defendants deny the allegations in Paragraph 55, respectfully refer all matters of law to the Court, and leave Plaintiffs to their proofs.

56.     Defendants lack personal knowledge or belief sufficient to respond to the allegations in Paragraph 56 and, on that basis, deny the same, respectfully refer all matters of law to the Court, and leave Plaintiffs to their proofs.

57.     The allegations in Paragraph 57 consist of legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 57, deny that Plaintiffs are entitled to any relief whatsoever and leave Plaintiff to their proofs.

## **COUNT ONE**

## **(Daniel's Law)**

58.     Defendants reassert and incorporate by reference their responses to the foregoing Paragraphs as if set forth fully herein.

59.     Defendants deny the allegations of Paragraph 59, respectfully refer all matters of law to the Court, and leave Plaintiffs to their proofs.

13

60.    Defendants deny the allegation in Paragraph 60, respectfully refer all matters of law to the Court, and leave Plaintiffs to their proofs.

61.    Defendants deny the allegations in Paragraph 61, respectfully refer all matters of law to the Court, and leave Plaintiffs to their proofs.

62.    Defendants deny the allegations in Paragraph 62, respectfully refer all matters of law to the Court, and leave Plaintiffs to their proofs.

63.    Defendants deny the allegations in Paragraph 63, respectfully refer all matters of law to the Court, and leave Plaintiffs to their proofs.

64.    Defendants deny the allegations in Paragraph 64, respectfully refer all matters of law to the Court, and leave Plaintiffs to their proofs.

To the extent a response to the "WHEREFORE" clause of the Complaint is required, Defendants expressly deny the allegations contained therein, deny that Plaintiffs are entitled to any relief whatsoever, respectfully refer all matters of law to the Court, and leave Plaintiffs to their proofs.

## AFFIRMATIVE DEFENSES

In further response to the allegations contained in the Complaint, Defendants allege and assert the following affirmative defenses. Defendants specifically reserve the right to amend their Answer and assert additional defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and all claims asserted therein fail to state a proper and valid cause of action against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint and all claims asserted therein are barred completely or in part, or damages should be reduced, because one or more of the Plaintiffs lacks standing to bring the claims or to plead damages.

## THIRD AFFIRMATIVE DEFENSE

To the extent one or more Plaintiffs seek recovery of actual damages under Daniel's Law, N.J.S.A. 56:8-166.1, *et seq.*, such claims are barred or limited by the Plaintiffs' failed to take reasonable steps to mitigate damages after becoming aware of the alleged harm, including failing to take readily available actions to prevent or reduce losses.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint and all claims asserted therein are barred completely or in part, and any damages should be reduced, by amounts owed to Defendants by Plaintiffs, which must be offset or recouped against any amounts due to Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint and all claims asserted therein are barred completely or in part by the doctrine of laches and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint and all claims asserted therein are barred completely or in part by the conduct, actions, and inactions of one or more Plaintiffs, which amount to and constitute an estoppel of the claims and relief sought. Specifically, one or more Plaintiffs failed to comply with the statutory procedures of N.J.S.A. 56:8-166.1, *et seq.*, including notice and/or opt out mechanisms before asserting their claims.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint and all claims asserted therein are barred completely or in part by the doctrine of waiver, estoppel, accord and/or satisfaction as one or more Plaintiffs failed to comply with the statutory procedures of N.J.S.A. 56:8-166.1, *et seq.*, including notice and/or opt out mechanisms before asserting their claims.

## EIGHTH AFFIRMATIVE DEFENSE

Any alleged damages or violations of Daniel's Law, N.J.S.A. 56:8-166.1, *et seq.*, were caused, in whole or in part, by the acts or omissions of presently unidentified third parties over whom Defendants had no ownership, custody, control, authority, or ability to supervise. Defendants cannot be held liable for the unforeseeable, unauthorized, or intervening conduct of third parties, and any recovery must therefore be barred or reduced accordingly.

16

## NINTH AFFIRMATIVE DEFENSE

The Complaint and all claims asserted therein are barred completely or in part because any and all acts, occurrences, and damages alleged or referred to in the Complaint were proximately caused by the bad faith of one or more Plaintiffs and/or others in that Plaintiffs and/or others failed to deal properly, fairly, honestly and reasonably with Defendants; therefore, the comparative bad faith of said Plaintiffs and/or others reduces their right to recovery, if any, by the amount which their bad faith contributed to the damages alleged.

## TENTH AFFIRMATIVE DEFENSE

The Complaint and all claims asserted therein are barred completely or in part because any finding of liability against Defendants would violate the United States Constitution and/or the New Jersey State Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants acted at all times in good faith and in accordance with Daniel's Law, N.J.S.A. 56:8-166.1, *et seq.* including maintain policies and procedures reasonably designed to prevent disclosure of covered information, and/or promptly responding to any removal or suppression requests.

17

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to join all parties necessary, including presently unidentified third parties who participated in or contributed to the conduct and events alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint and all claims asserted therein are barred completely or in part based on the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims are barred because Defendants' acts were excused, justified, or both.

## SIXTEENTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiffs is unconscionable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiffs is without basis in law or fact.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred by the entire controversy doctrine.

18

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to statutory damages under Daniel's Law, N.J.S.A. 56:8-166.1, *et seq.*, because Plaintiffs cannot establish the statutory prerequisites for such relief, including a qualifying violation of the statute, and entitlement thereunder.

## TWENTIETH AFFIRMATIVE DEFENSE

The demand for punitive damages made by Plaintiffs is deficient as a matter of law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any ascertainable loss by any action or inaction of Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The relief sought constitutes an unjust enrichment to Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims under Daniel's Law, N.J.S.A. 56:8-166.1, *et seq.*, are barred to the extent that Plaintiffs' acts, omissions, or misrepresentations, known or discovered through further investigation, constitute legal or equitable fraud that precludes relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred by impossibility of performance.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred because Defendants' acts were excused, justified or both.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to plead some or all of their claims with sufficient particularity.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred in whole or in part because Atlas is not an appropriate assignee under Daniel's Law because one or more of the assignors and/or assignments is/was invalid.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because their actions constitute entrapment by sending takedown notices in a burdensome manner.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because performance was impossible, as a result of, among other things, the delay and intentional sending of thousands of takedown notices in a manner designed to make it impossible to comply.

20

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendants did not receive any alleged takedown notices.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent Defendants are found to be liable to Plaintiffs, Defendants are entitled to equitable indemnification from Plaintiffs.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages fail to the extent that such damages would constitute an impermissible penalty and/or fail to reasonably relate to any claimed actual damages.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Clair E. Wischusen, Esq. is hereby designated as trial counsel for Defendant.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I, Clair E. Wischusen, Esq., hereby certify that the within matter in controversy is related to numerous other matters pending before the United States District Court for the District of New Jersey, as well as numerous other lawsuits filed by Plaintiffs in the Superior Court of New Jersey and, upon information and belief,

in several other states, as well.  I further certify that I know of no party who should be joined in this action at this time.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray that the Court determine that:

1. Plaintiffs' Complaint be dismissed in its entirety with prejudice;

2. Plaintiffs take nothing by their claim, and that judgment be entered against Plaintiffs and in favor of Defendants;

3. Defendants be awarded its costs of suit and attorney's fees to the extent they are available by law; and

4. The Court award Defendants such other relief and further relief as the Court deems just and proper.

Date:        April 1, 2026

**GORDON REES SCULLY
MANSUKHANI, LLP**

/s/ Clair E. Wischusen
Clair E. Wischusen, Esq. (018022009)
John Mills, Esq. (*pro hac vice*)
290 W Mt. Pleasant Avenue, Suite 3310
Livingston, NJ 07039
Phone: 973-549-2500
Fax: 973-377-1911
Email: cwischusen@grsm.com
Email: jtmills@grsm.com

*Attorneys for Defendants Quantarium
Alliance, LLC and Quantarium
Group, LLC*

23

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2026, I caused to be electronically served a true and correct copy of the foregoing document via CM/ECF on all counsel of record.

Date:        April 1, 2026

*/s/ Clair E. Wischusen*
Clair E. Wischusen, Esq.
